IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TRUST TITLE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-745C |
| | ) | (Sr. Judge Loren A. Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1.      The underlined heading, "Introduction and Summary," immediately preceding paragraph 1, represents plaintiff's characterization of its case and the organization of its complaint, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  The allegations contained in paragraph 1 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2.      Denies the allegations contained in the first and second sentences of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the third sentence of paragraph 2.  The allegations contained in the fourth sentence of paragraph 2 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3.      Admits the allegations contained in paragraph 3.

4.      The allegations contained in paragraph 4 are conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5.      Admits the allegations contained in the first and second sentences of paragraph 5 to the extent supported by the exhibits cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 5.  The allegations contained in the third sentence of paragraph 5 are conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the fourth sentence of paragraph 5 to the extent supported by the October 7, 2011 final decision letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 5.  The allegations contained in the fifth and sixth sentences of paragraph 5 are conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6.      The allegations contained in paragraph 6 are conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7.      The underlined heading, "The Contracts," immediately preceding paragraph 7, represents plaintiff's characterization of its case and the organization of its complaint, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Denies the allegations contained in paragraph 7 for lack of knowledge sufficient to form a belief as to their truth.

8.      Admits the allegations contained in paragraph 8.

9.      Admits the allegation contained in the first sentence of paragraph 9 that the agency and the plaintiff entered into both the North Carolina Eastern Region Contract and the North Carolina Western Region Contract; denies the remainder of the allegations contained in the first sentence of paragraph 9 because they are conclusions of law, to which no answer is

2

required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second, third, and fourth sentences of paragraph 9 to the extent supported by the exhibits cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second, third, and fourth sentences of paragraph 9. Admits the allegations contained in the fifth and sixth sentences of paragraph 9 to the extent that they purport to identify internal cross-references in the complaint, to which no response is required; otherwise denies the allegations contained in the fifth and sixth sentences.

10.     Admits the allegation contained in paragraph 10 that plaintiff entered into contracts with HUD to assist in the administration and closing of the sale of real properties owned by HUD; denies the remainder of allegations in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11.     Admits the allegations contained in paragraph 11 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 11.

12.     Admits the allegations contained in paragraph 12 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13.     Admits the allegations contained in paragraph 13 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14.     Admits the allegation contained in the first sentence of  paragraph 14 that plaintiff is not the only HUD contractor to have performed the services referenced; denies remainder of

the allegations contained in the first sentence of paragraph 14.  The allegations contained in the second and third sentences of paragraph 14 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15.     The underlined heading, "The Termination Origins," immediately preceding paragraph 15, represents plaintiff's characterization of its case and the organization of its complaint, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  The allegations contained in paragraph 15 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16.     Admits the allegations contained in the first and second sentences of paragraph 16.  The allegations contained in the third and fourth sentences of paragraph 16 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17.     The allegations contained in paragraph 17 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18.     The allegations contained in paragraph 18 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19.     Denies the allegations contained in the first sentence of paragraph 19.  Admits the allegations contained in the second sentence of paragraph 19 to the extent supported by the task

orders cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 19.

20.     The allegations contained in the first and second sentences of paragraph 20 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the third sentence of paragraph 20 to the extent supported by the exhibits cited, which are the best evidence of their contents; otherwise denies the allegations contained in the third sentence of paragraph 20.  The allegations contained in the fourth sentence of paragraph 20 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21.     The underlined heading, "HUD Delays on Awarded Contracts," immediately preceding paragraph 21, represents plaintiff's characterization of its case and the organization of its complaint, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegations contained in paragraph 21.

22.     Admits the allegations contained in paragraph 22 to the extent supported by the Stop Work Order cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23.     Admits the allegations contained in the first sentence of paragraph 23.  The allegations contained in the second sentence of paragraph 23 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24.     Admits the allegations contained in paragraph 24.

25.     Admits the allegations contained in the first sentence of paragraph 25.  Admits the allegations contained in the second sentence of paragraph 25 to the extent that the date is correct and that the contract contained estimates for closings and sales; otherwise denies the remainder of the allegations in the second sentence of paragraph 25.

26.     Admits the allegations contained in paragraph 26 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27.     Admits the allegations contained in the first sentence of paragraph 27.  Admits the allegations contained in the second sentence of paragraph 27 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 27.  Admits the allegations contained in the third sentence of paragraph 27 to the extent that plaintiff did one of the settlements;  denies the allegation "because of health concerns regarding one of the settlement parties" for lack of knowledge or information sufficient to form a belief as to their truth; denies the remainder of the allegations in the third sentence of paragraph 27 because they are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28.     Admits the allegations contained in the first sentence of paragraph 28.  The allegations contained in the second sentence of paragraph 28 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29.     Admits the allegations contained in the first sentence of paragraph 29.  The allegations contained in the second and third sentences of paragraph 29 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the fourth sentence of paragraph 29 to the extent that the prior contractor was no longer performing after the award of these contracts to plaintiff; otherwise denies the allegations in the fourth sentence of paragraph 29.  The allegations contained in the fifth sentence of paragraph 29 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30.     Admits the allegations contained in paragraph 30.

31.     The underlined heading, "Name and Address Identifier (NAID) Issue," immediately preceding paragraph 31, represents plaintiff's characterization of its case and the organization of its complaint, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegations contained in the first sentence of paragraph 31.  The allegations contained in the second sentence of paragraph 31 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the third sentence of paragraph 31.

32.     Denies the allegations contained in paragraph 32.

33.     The underlined heading, "Performance Commencement," immediately preceding paragraph 33, represents plaintiff's characterization of its case and the organization of its complaint, to which no answer is required; to the extent it may be deemed an allegation of fact, it

7

is denied.  Denies the allegations contained in the first sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 33 to the extent that the number of cases is correct; otherwise denies the allegations contained in the second sentence of paragraph 33.

34.     Denies the allegations contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35.     Admits the allegations contained in the first sentence of paragraph 35.  Denies the remainder of the allegations contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36.     Denies the allegation contained in the first sentence of paragraph 36 for lack of knowledge as to whether it was the GTR who provided the notice; otherwise admits the allegations in the first sentence of paragraph 36.  Admits the allegations contained in the second sentence of paragraph 36 to the extent that the contract contained estimates for closings and sales; otherwise denies the allegations contained in the second sentence of paragraph 36.

37.     The allegations contained in paragraph 37 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38.     The underlined heading, "The Computer System," immediately preceding paragraph 38, represents plaintiff's characterization of its case and the organization of its complaint, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegations contained in the first sentence of paragraph 38.  Admits the allegations contained in the second, third, and fourth sentences of paragraph 38 to the extent

8

supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second, third, and fourth sentences of paragraph 38.   Admits the allegations contained in the fifth sentence of paragraph 38 to the extent supported by the August 16, 2010 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fifth sentence of paragraph 38.

39.     Admits the allegations contained in the first and second sentences of paragraph 39.  Denies the allegations contained in the third sentence of paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in the fourth sentence of paragraph 39 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40.     Admits the allegations contained in the first sentence of paragraph 40.  Denies the remainder of the allegations contained in paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41.     The allegations contained in paragraph 41 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42.     The allegations contained in paragraph 42 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

43.     Admits the allegations contained in the first sentence of paragraph 43.   Admits the allegations contained in the second sentence of paragraph 43 that, on August 25, 2010, plaintiff did not have clearance to access P260; the allegations contained in the remainder of the

9

second sentence of paragraph 43 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

44.     The underlined heading, "Requests for Information and Cooperation from HUD," immediately preceding paragraph 44, represents plaintiff's characterization of its case and the organization of its complaint, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegations contained in the first and second sentences of paragraph 44.  Denies the allegations contained in the third sentence of paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth.

45.     Admits the allegation contained in paragraph 45 that there were various e-mail exchanges between the plaintiff and HUD's GTR; otherwise denies the remainder of the allegations contained in paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth.

46.     Admits the allegations contained in paragraph 46 as they pertain to the date and content of the e-mail exchange referenced; the remainder of the allegations in paragraph 46 are conclusions of law, to which no answer is required; to the extent that they may be deemed an allegation of fact, they are denied.

47.     Admits the allegation contained in paragraph 47 to the extent supported by the North Carolina law cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 47.

48.     Admits the allegations contained in paragraph 48 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth.

49.     Admits the allegation contained in paragraph 49 that the "GTR's response was to follow the contract provision;" admits the remainder of the allegations contained in paragraph 49 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the remainder of paragraph 49.

50.     The allegations contained in paragraph 50 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

51.     Admits the allegations contained in the first sentence of paragraph 51 to the extent supported by the August 20, 2010 e-mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 51.  Admits the allegations contained in the second sentence of paragraph 51.

52.     Admits the allegations contained in paragraph 52.

53.     Admits the allegations contained in paragraph 53.

54.     The underlined heading, "Post Award Conference and Training," immediately preceding paragraph 54, represents plaintiff's characterization of its case and the organization of its complaint, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegations contained in paragraph 54 that training did not occur, that the post award conference occurred on August 26, 2010, and that the case backlog was

accumulating during that time period; denies remainder of the allegations contained in paragraph 54.

55.     Admits the allegations contained in the first sentence of paragraph 55. The allegations contained in the second sentence of paragraph 55 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

56.     Admits the allegation contained in the first sentence of paragraph 56 that the surge referenced was not caused by plaintiff's action and was caused, in part, by the protest of the award by other parties. Denies the allegation in the first sentence of paragraph 56 that the surge referenced was caused "in part by a lack of a transition between the predecessor contractor and TTC." The remainder of the allegations contained in paragraph 56 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57.     Admits the allegations contained in the first, second, and third sentences of paragraph 57 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first, second, and third sentences of paragraph 57. Admits the allegations contained in the fourth sentence of paragraph 57.

58.     Admits the allegations contained in paragraph 58 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 58.

59.     Admits the allegations contained in paragraph 59 to the extent supported by the June 30, 2010 contracting officer's letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 59.

60.     The underlined heading, "HUD's Dismissal of its Responsibility for Delay and Case Backlog," immediately preceding paragraph 60, represents a conclusion of law and plaintiff's characterization of its case and the organization of its complaint, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegations contained in paragraph 60 to the extent supported by the August 25, 2010 contracting officer's letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 60.

61.     The allegations contained in paragraph 61 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

62.     Admits the allegations contained in paragraph 62 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 62.

63.     Admits the allegations contained in paragraph 63 to the extent that plaintiff had winning proposals; denies the remainder of the allegations contained in paragraph 63.

64.     Admits the allegations contained in paragraph 64 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the remainder of the allegations contained in paragraph 64 because they are plaintiff's characterization of its case,

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

65.     Admits the allegations contained in paragraph 65 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 65.

66.     Admits the allegations contained in the first sentence of paragraph 66 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 66.  The allegations contained in the second sentence of paragraph 66 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

67.     The allegations contained in paragraph 67 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

68.     Admits the allegation contained in paragraph 68 to the extent that the award was based on plaintiff's proposal; the remainder of the allegations contained in paragraph 68 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

69.     Admits the allegations contained in paragraph 69 to the extent supported by the proposals cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 69.

70.     The allegations contained in paragraph 70 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

71.     The allegations contained in the first and second sentences of paragraph 71 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the third sentence of paragraph 71 to the extent that the quotation is from the contracting officer's August 25, 2010 response; the remainder of the allegations contained in paragraph 71 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

72.     The allegations contained in the first sentence of paragraph 72 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegation contained in the second sentence of paragraph 72 that the plaintiff's proposal was selected for award; otherwise denies the remainder of the allegations contained in the second sentence of paragraph 72 because they are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the third sentence of paragraph 72.  The allegations contained in the fourth sentence of paragraph 72 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

73.     Admits the allegations contained in the first sentence of paragraph 73 to the extent supported by the proposal cited, which is the best evidence of their contents; otherwise denies the

allegations contained in the first sentence of paragraph 73.  The allegations contained in the second sentence of paragraph 73 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

74.     Admits the allegations contained in the first and third sentences of paragraph 74 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and third sentences of paragraph 74.  The allegations contained in the second sentence of paragraph 74 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

75.     The allegations contained in paragraph 75 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

76.     Admits the allegation contained in paragraph 76 that there was no P260 training; the remainder of the allegations contained in paragraph 76 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

77.     Admits the allegations contained in paragraph 77.

78.     Admits the allegations contained in the first sentence of paragraph 78.  The allegations contained in the second sentence of paragraph 78 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the third sentence of paragraph 78 for lack of knowledge or information sufficient to form a belief as to their truth.

79.     Admits the allegations contained in the first and second sentences of paragraph 79 to the extent supported by the draft workflow chart cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 79 because they are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

80.     The allegations contained in paragraph 80 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

81.     Admits the allegations contained in paragraph 81 to the extent supported by the September 2, 2010 e-mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 81.

82.     Admits the allegations contained in the first and second sentences of paragraph 82 that plaintiff made a request for clarification on September 1, 2010, and that a response was sent on September 7, 2010; denies the remainder of the allegations contained in paragraph 82 because they are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

83.     Admits the allegations contained in the first sentence of paragraph 83 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 83.  Admits the allegations contained in the second sentence of paragraph 83.

84.     Admits the allegations contained in paragraph 84 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 84.

85.     Admits the allegations contained in the first and second sentences of paragraph 85 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 85.  The allegations contained in the third sentence of paragraph 85 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

86.     Admits the allegations contained in paragraph 86 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 86 because they are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

87.     Denies the allegations contained in paragraph 87 for lack of knowledge or information sufficient to form a belief as to their truth.

88.     Admits the allegations contained in paragraph 88 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 88.

89.     Admits the allegations contained in the first sentence of paragraph 89 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 89.  Denies the allegations contained in the second and third sentences of paragraph 89 for lack of knowledge or information sufficient to

form a belief as to their truth. The allegations contained in the fourth sentence of paragraph 89 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

90. Admits the allegations contained in paragraph 90 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 90.

91. Admits the allegations contained in paragraph 91 to the extent that HUD received complaints during contract performance; denies the remainder of the allegations contained in paragraph 91 for lack of knowledge or information sufficient to form a belief as to their truth.

92. Admits the allegations contained in paragraph 92 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 92.

93. The allegations contained in the first and second sentences of paragraph 93 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 93 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in third sentence of paragraph 93. Denies the allegations contained in fourth sentence of paragraph 93 for lack of knowledge or information sufficient to form a belief as to their truth.

94. The allegations contained in paragraph 94 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

95.     Admits the allegations contained in paragraph 95 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 95.

96.     Admits the allegations contained in first sentence of paragraph 96 that the contracting officer issued a Cure Notice on September 16, 2010; the remainder of the allegations contained in the first sentence of paragraph 96 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.   Admits the allegations contained in the second and third sentences of paragraph 96 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 96.  The allegations contained in the fourth sentence of paragraph 96 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

97.     Admits the allegations contained in the first, second, third, fourth, fifth, and sixth sentences of paragraph 97 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first, second, third, fourth, fifth, and sixth sentences of paragraph 97.  The allegations contained in the seventh sentence of paragraph 97 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

98.     Admits the allegations contained in the first sentence of paragraph 98. Admits the allegations contained in the second sentence of paragraph 98 to the extent supported by the

document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 98.

99.     Admits the allegations contained in paragraph 99 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 99.

100.    Admits the allegations contained in paragraph 100 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 100.

101.    Admits the allegations contained in paragraph 101 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 101.

102.    Admits the allegations contained in paragraph 102 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 102.

103.    Admits the allegations contained in paragraph 103 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 103.

104.    Admits the allegations contained in paragraph 104 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 104.

105.    Admits the allegations contained in paragraph 105 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 105.

106.    Admits the allegations contained in paragraph 106 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 106.

107.    Admits the allegations contained in paragraph 107 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 107.

108.    Admits the allegations contained in paragraph 108 to the extent supported by the document cited, which is the best evidence of its contents; denies the remainder of the allegations contained in paragraph 108 because they are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

109.    The allegations contained in paragraph 109 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

110.    The allegations contained in paragraph 110 are conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

111.    Denies the allegations contained in paragraph 111 that HUD has changed its interpretation of the same or similar contract provisions that were in plaintiff's contracts in subsequent contracts, procured by HUD, including the reprocurement contracts; the remainder of

22

the allegations contained in paragraph 111 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

112.    Denies the allegation contained in paragraph 112 that a modification was promised; the remainder of the allegations contained in paragraph 112 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

113.    Admits the allegations contained in paragraph 113 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 113.

114.    Admits the allegations contained in the first sentence of paragraph 114 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 114.  Admits the allegations contained in the second sentence of paragraph 114.  The allegations contained in the third sentence of paragraph 114 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

115.    Admits the allegations contained in paragraph 115.

116.    Admits the allegations contained in the first sentence of paragraph 116 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 116 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 116.

117.    Admits the allegations contained in paragraph 117.

118.    Admits the allegations contained in paragraph 118.

119.    Admits the allegations contained in the first sentence of paragraph 119 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 119.  Admits the allegations contained in the second sentence of paragraph 119.

120.    Admits the allegation contained in paragraph 120 that the date of the Show Cause Letter is correct; admits the remainder of the allegations contained in paragraph 120 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 120.

121.    Admits the allegations contained in paragraph 121 to the extent supported by the document quoted, which is the best evidence of its contents; the remainder of the allegations contained in paragraph 121 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

122.    Admits the allegations contained in paragraph 122 to the extent supported by the contracting officer's cure notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 122.

123.    Admits the allegations contained in the first sentence of paragraph 123 that the contracting officer stated that there was no transition plan envisioned by the solicitation; denies the remainder of the allegations contained in the first sentence of paragraph 123.  The allegations contained in the second sentence of paragraph 123 are plaintiff's characterization of its case, to

which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

124.    Admits the allegations contained in the first sentence of paragraph 124.  Admits the allegations contained in the second sentence of  paragraph 124 to the extent supported by the plaintiff's letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 124.

125.    Admits the allegations contained in paragraph 125 to the extent supported by the plaintiff's response letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 125.

126.    Admits the allegations contained in paragraph 126 to the extent supported by the "order flow summary" document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 126.

127.    Admits the allegations contained in paragraph 127 to the extent supported by the plaintiff's response letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 127.

128.    Admits the allegations contained in paragraph 128 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 128.

129.    Admits the allegations contained in paragraph 129 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 129.

130.    Admits the allegations contained in paragraph 130 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 130.

131.    Denies the allegations contained in the first, second, and third sentences of paragraph 131 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the fourth sentence of paragraph 131 that HUD was aware of the practice by the previous contractor, but avers that the contractor was instructed to cease the practice because it was not in accordance with the terms of the prior contract; denies the remainder of the allegations contained in the fourth sentence of paragraph 131.

132.    Admits the allegations contained in paragraph 132 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 132.

133.    Admits the allegations contained in paragraph 133 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 133.

134.    Admits the allegations contained in paragraph 134 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 134.

135.    The allegations contained in the first sentence of paragraph 135 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the second sentence of paragraph 135 for lack of knowledge or information sufficient to form a belief as to their truth.

136.    Admits the allegations contained in paragraph 136 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 136.

137.    The allegations contained in paragraph 137 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

138.    The allegations contained in paragraph 138 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

139.    The allegations contained in the first sentence of paragraph 139 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Responds to the allegations contained in the sub-paragraphs of the second sentence of paragraph 139 as noted below.

Admits the allegations contained in sub-paragraph four of the second sentence of paragraph 139 that plaintiff notified HUD that its offices were in Charlotte and Raleigh; denies the remainder of the allegations in sub-paragraph four of the second sentence of paragraph 139 for lack of knowledge or information sufficient to form a belief as to their truth.

Denies the allegations contained in sub-paragraph seven of the second sentence of paragraph 139 that the real estate agents were "irate and frustrated" because they are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the remainder of the allegations contained in sub-

paragraph seven of the second sentence of paragraph 139 for lack of knowledge sufficient to form a belief as to their truth.

Admits the allegations contained in sub-paragraph eleven of the second sentence of paragraph 139 that plaintiff, as one of its contract requirements, established escrow accounts; denies the remainder of the allegations contained in sub-paragraph eleven of the second sentence of paragraph 139 for lack of knowledge sufficient to form a belief as to their truth.

Admits the allegations contained in sub-paragraph twelve of the second sentence of paragraph 139 that plaintiff, as one of its contract requirements, responded to inquiries from AMs; denies the remainder of the allegations contained in sub-paragraph twelve of the second sentence of paragraph 139 for lack of knowledge sufficient to form a belief as to their truth.

Admits the allegations contained in sub-paragraph thirteen of the second sentence of paragraph 139 that plaintiff, as one of its contract requirements, conducted closings; denies the remainder of the allegations contained in sub-paragraph thirteen of the second sentence of paragraph 139 for lack of knowledge sufficient to form a belief as to their truth.

Admits the allegations contained in sub-paragraph fourteen of the second sentence of paragraph 139 that plaintiff, as one of its contract requirements, attended 3rd party closings; otherwise denies the remainder of the allegations contained in sub-paragraph fourteen of the second sentence of paragraph 139 for lack of knowledge sufficient to form a belief as to their truth.

Admits the allegations contained in the first sentence of sub-paragraph sixteen of the second sentence of paragraph 139 that plaintiff, as one of its contract requirements, disbursed funds.  Admits the allegations contained in the second sentence of sub-paragraph sixteen of the

second sentence of paragraph 139 to the extent that plaintiff, as one of its contract requirements, attended 3rd party closings.  The allegations contained in the third sentence of sub-paragraph sixteen of the second sentence of paragraph 39 are plaintiff's characterizations of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the fourth sentence of sub-paragraph sixteen of the second sentence of paragraph 139.   Otherwise denies the remainder of the allegations contained in sub-paragraph sixteen of the second sentence of paragraph 139 for lack of knowledge sufficient to form a belief as to their truth.

Admits the allegations contained in sub-paragraph seventeen of the second sentence of paragraph 139 that HUD received responses to allegations in the cure notice and show cause notice; the remainder of the allegations contained in sub-paragraph seventeen of the second sentence of paragraph 139 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Admits the allegations contained in sub-paragraph eighteen of the second sentence of paragraph 139.

Admit the allegations contained in sub-paragraph twenty of the second sentence of paragraph 139.

Admits the allegations contained in sub-paragraph twenty-one of the second sentence of paragraph 139 to the extent that plaintiff, as one of its contract requirements, reconciled bank accounts; denies the remainder of the allegations contained in sub-paragraph twenty-one of the second sentence of paragraph 139 for lack of knowledge sufficient to form a belief as to their truth.

Admits the allegations contained in sub-paragraph twenty-seven of the second sentence of paragraph 139 that, as of October 7, 2010, HUD had assigned 1027 contracts; denies the remainder of the allegations contained in sub-paragraph twenty-seven of the second sentence of paragraph 139 for lack of knowledge sufficient to form a belief as to their truth.

Denies the remainder of the allegations contained in each and every sub-paragraph of the second sentence of paragraph 139 not previously admitted for lack of knowledge sufficient to form a belief as to their truth.

140.   Admits the allegations contained in the first sentence of paragraph 140.  Admits the allegations contained in the second sentence of paragraph 140 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 140.

141.   Admits the allegation contained in the first sentence of paragraph 141 that plaintiff had 300 pending cases; denies the remainder of the allegations in the first sentence of paragraph 141 because they are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the second sentence of paragraph 141.  Admits the allegation contained in the third sentence of paragraph 141 that within 65 days of contract performance, HUD expected the plaintiff to perform over 1,000 closings; denies the remainder of the allegations contained in the third sentence of paragraph 141 because they are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the fourth sentence of paragraph 141 for lack of knowledge sufficient to form a belief as to their truth.

142.    The allegations contained in paragraph 142 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

143.    The underlined heading, "The Reprocurement Contracts," immediately preceding paragraph 143, represents plaintiff's characterization of its case and the organization of its complaint, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegations contained in paragraph 143 to the extent that HUD had a meeting with plaintiff on October 27, 2010.  Denies the allegation in paragraph 143 that HUD asked plaintiff if it would accept a no cost termination for convenience but avers that plaintiff requested a no cost termination for convenience.

144.    Admits the allegation contained in paragraph 144 that plaintiff was willing to continue work on the contracts as long as it was provided additional monies for the work; denies the remainder of the allegations contained in paragraph 144 because they are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

145.    Admits the allegations contained in paragraph 145.

146.    The allegations contained in paragraph 146 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

147.    The bolded heading, "Count I Reversal of the Default Terminations; Conversion to a Termination of Convenience; Costs Due in Termination for Convenience," immediately preceding paragraph 147, represents conclusions of law and plaintiff's characterization of its case

and the organization of its complaint, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Defendant incorporates its responses to paragraphs 1 through 146 in response to paragraph 147.

148. The allegations contained in paragraph 148 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

149. The allegations contained in paragraph 149 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

150. The allegations contained in paragraph 150 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

151. The underlined heading, "Extra Work Requirements," immediately preceding paragraph 151, represents plaintiff's characterization of its case and the organization of its complaint, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. The allegations contained in paragraph 151 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

152. The allegations contained in paragraph 152 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

153.    Defendant incorporates its responses to paragraphs 1 through 152 in response to paragraph 153; denies the remainder of the allegations contained in paragraph 153 because they are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

154.    Admits the allegation contained in paragraph 154 that the post award conference occurred on the date referenced; denies the remainder of the allegations contained in paragraph 154 because they are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

155.    Admits the allegation contained in paragraph 155 that the training on the computer system P260 was not scheduled; admits the remainder of the allegations contained in paragraph 155 to the extent supported by the e-mail cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 155.

156.    Defendant incorporates its responses to paragraphs 1 through 155 in response to paragraph 156; otherwise denies the remainder of the allegations contained in paragraph 155 because they are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

157.    The underlined heading, "Termination for Convenience Costs," immediately preceding paragraph 157, represents plaintiff's characterization of its case and the structure of its complaint, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  The allegations contained in the first and second sentences of paragraph 157 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third

sentence of paragraph 157 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 157.

158.    The bolded heading, "Count 2 No Assessment of Reprocurement Cost," immediately preceding paragraph 158, represents plaintiff's characterization of its case and the organization of its complaint, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Defendant incorporates its responses to paragraphs 1 through 157 in response to paragraph 158.

159.    Admits the allegations contained in the first sentence of paragraph 159 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 159.  The allegations contained in the second sentence of paragraph 159 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

160.    The allegations contained in paragraph 160 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

161.    The allegations contained in paragraph 161 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

162.    Denies the allegations contained in the first sentence of paragraph 162.  Admits the allegations contained in the second sentence of paragraph 162 that, due to the termination for default, HUD had to re-procure services at an additional cost; denies the remainder of the

allegations in paragraph 162 because they are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

163.     The bolded heading, "Count 3 Breach of Contract," immediately preceding paragraph 163, represents plaintiff's characterization of its case and the organization of its complaint, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Defendant incorporates its responses to paragraphs 1 through 162 in response to paragraph 163.

164.     The allegations contained in paragraph 164 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

165.     The allegations contained in paragraph 165 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

166.     The allegations contained in paragraph 166 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

167.     Denies that plaintiff is entitled to any of the relief requested in the prayer for relief.

168.     Denies each and every allegation not previously admitted or otherwise qualified.

<u>DEFENDANT'S COUNTERCLAIM</u>

169.     This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1503 and 2508.

170.     On April 27, 2010, HUD issued Solicitation Numbers R-ATL-01970 and R-ATL-01971 for two requirements contracts for professional support services for real estate property sales closing services for single family properties owned by HUD in the Western and Eastern Regions of North Carolina, respectively.

171.     In response to Solicitation Numbers R-ATL-01970 and R-ATL-01971, plaintiff Trust Title Company ("Trust Title" or "plaintiff") submitted a proposal for each of the contracts.

172.     On June 30, 2010, HUD awarded Contract No. C-ATL-01970 for the Eastern Region of North Carolina, and Contract No. C-ATL-01971 for the Western Region of North Carolina to Trust Title.  The term of each contract was for a one-year base period and two one-year options.

173.     On July 1, 2010, HUD issued Task Order No. T0001 against Contract No. C-ATL-01970 requisitioning the closing services that Trust Title was required to provide HUD pursuant to the terms of its contract.  On August 6, 2010, HUD issued Task Order No. T0001 against Contract No. C-ATL-01971 requisitioning the closing services that Trust Title was required to provide HUD pursuant to the terms of its contract.

174.     On September 16, 2010, HUD issued plaintiff a Cure Notice because of plaintiff's failure to adequately perform pursuant to the terms of the contracts.  The notice afforded Trust Title ten days to address the non-compliance issues identified in the Cure Notice.

175.     Trust Title responded to the Cure Notice on September 24, 2010.

176.     On October 7, 2010, HUD issued plaintiff a Show Cause letter because of

plaintiff's continued failure to provide closing agent services as required by Contracts No. C-ATL-01970 and C-ATL-01971.  The Show Cause letter afforded Trust Title one final opportunity to show how it would comply with its contractual requirements.

177.    Trust Title responded to the Show Cause letter on October 22, 2010.

178.    On October 27, 2010, HUD staff met with plaintiff, at plaintiff's request, to discuss the issues identified in the September 16, 2010 Cure Notice, and the October 7, 2010 Show Cause letter, as well as other general concerns.

179.    As of November 9, 2010, plaintiff had continued to fail to comply with its contractual requirements in both contracts.

180.    Effective October 29, 2010, Trust Title sold all, or virtually all of its tangible and intangible assets to Coefficiency, LLC.

181.    Upon information and belief, Trust Title was incapable of performing contracts C-ATL-01970 and C-ATL-01971 after  the sale of all, or virtually all of its assets to Coefficiency, LLC.

182.    Both of HUD's contracts with Trust Title, C-ATL-01970 and C-ATL-01971, incorporate by reference FAR 52.212-4, allowing HUD to terminate Trust Title in event of default.

183.    On November 9, 2010, HUD terminated for default contract numbers C-ATL-01970 and C-ATL-01971.  The default was based upon Trust Title's failure to provide for the wire transfer of funds for all of its closings, as well as its failure to alleviate the backlog of closings that Trust Title was contractually-required to timely provide.

184.    To re-procure the closing agent services that Trust Title failed to perform in Eastern and Western North Carolina as a result of its default, HUD issued a new solicitation on

December 28, 2010, with a proposal due date of January 5, 2011.

185.     On January 31, 2011, HUD awarded re-procurement contracts for the closing agent services in Eastern and Western North Carolina that had previously been awarded to Trust Title.

186.     On May 16, 2011, the contracting officer issued a demand letter to Trust Title seeking (1) HUD's estimated excess costs associated with HUD's re-procurement of the closing services covered by Trust Title's defaulted contract, (2) $14,007.65 related to liquidated damages for Trust Title's late delivery of services, (3) $45,097.25 for failure to provide to HUD the proceeds of the sale related to file number 381-782794, and (4) $1,717.26 for Trust Title's failure to provide HUD escrow balances within 90 days of the termination of the contract.

187.     The May 16, 2011 demand letter contained language notifying Trust Title of its appeal rights.

188.     On August 9, 2011, Trust Title responded to the demand letter through its legal counsel, requesting that HUD reconsider the contracting officer's November 9, 2010 default determination and May 16, 2011 demand letter.

189.     In a letter dated October 7, 2011, the contracting officer denied Trust Title's request for reconsideration.  The same letter reaffirmed that Trust Title had been notified of its appeal rights in connection with both the termination for default and the demand letter.

190.     The re-procurement contracts have been fully performed at a cost to the Government of $758,221.00.

191.     At all times, the Government acted reasonably to minimize the excess costs resulting from Trust Title's default.

192.     Trust Title has not paid any of the costs demanded by HUD in its May 16, 2010

demand letter.

193.     Trust Title is, therefore, liable to the Government for: (1) $758,221.00, which is the actual excess re-procurement costs associated with HUD's re-procurement of the closing services covered by Trust Title's defaulted contract, (2) $14,007.65 related to liquidated damages for Trust Title's late delivery of services, (3) $45,097.25 for failure to provide to HUD the proceeds of the sale related to file number 381-782794, and (4) $1,717.26 for Trust Title's failure to provide HUD escrow balances within 90 days of the termination of the its contracts.

PRAYER FOR RELIEF

WHEREFORE, defendant respectfully requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant a monetary judgment against Trust Title in the total amount of  $819,043.16 and such other and further relief as the Court may deem just and proper.


Respectfully submitted,


STUART F. DELERY
Acting Assistant Attorney General


JEANNE E. DAVIDSON
Director


s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

OF COUNSEL:

TODD P. MAIBERGER
Trial Attorney
U.S. Department of Housing and Urban
Development
Office of General Counsel


June 29, 2012

/s Kenneth S. Kessler
KENNETH S. KESSLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn:  Classification Unit, 8th Floor
PO Box 480
Ben Franklin Station
Washington, D.C.  20044
(202) 307-0313 (Telephone)
(202) 305-7643 (Facsimile)

Attorneys for Defendant